**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HENRY G. HEFFERNAN,
19  I St., N.W.
Washington DC 20001-1425

      Plaintiff,

  v.

SYLVIA MATTHEWS BURWELL,
SECRETARY, UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN
SERVICES
200 Independence Avenue, S.W.
Washington, D.C. 20201,

SERVE:

      U.S. Attorney for the District of
      Columbia
      Attn: Civil Process Clerk
      555 4th St., N.W.
      Washington, D.C. 20001

and

      Loretta Lynch
      Attorney General for the United States
      950 Pennsylvania Ave., N.W.
      Room 511
      Washington, D.C. 20530

and

      Sylvia Matthews Burwell
      Secretary, U.S. Department of
      Health and Human Services
      Attn: Office of General Counsel
      200 Independence Avenue, S.W.
      Washington, D.C. 20201

      Defendant.

Civil Action No. _____ (___)

## COMPLAINT

### [Violations of FOIA]

### PRELIMINARY STATEMENT

1.      Plaintiff Henry G. Heffernan ("Father Heffernan" or "Plaintiff") brings this action

under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, et seq., as amended, against the

U.S. Department of Health and Human Services ("HHS" or "Defendant" or "Agency") for failing

to respond within the statutory deadline to Plaintiff's administrative FOIA appeal, which

challenged HHS's claim that certain FOIA exemptions enabled it to withhold particular

responsive records and portions of records.

2.      FOIA requires that federal agencies respond to public requests for records,

including files maintained electronically, to increase public understanding of the workings of

government and to provide access to government information. FOIA reflects a "profound

national commitment to ensuring an open Government" and directs agencies to "adopt a

presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

3.      Plaintiff is a Roman Catholic Priest who served for two decades as a Roman

Catholic chaplain within the HHS  (NIH) National Institute of Health Clinical Center's

Department of Spiritual Ministry. Father Heffernan has long cared about the professional quality

of ministry services at the NIH Clinical Center. Father Heffernan brought successful litigation

against HHS following his termination from the Agency. That litigation resulted in an order

reinstating Father Heffernan. That litigation was completed in 2007. In 2007 the Clinical Center

assembled an outside panel of experts in spiritual ministry chaplaincy to review the operations of

the Department of Spiritual Ministry and make recommendations for the policies and practices

that would assure that the department met the best standards for professional spiritual ministry

practice. Focus group meetings with clinical staff were then conducted to develop specific ways

to implement those recommendations for best professional practice. All of those

recommendations were not communicated to the chaplains. Father Heffernan is now retired from

HHS. He seeks public information from the Agency in order to be informed on the standards of

best practice recommended by those experts regarding the ministry services at the NIH Clinical

Center.

4.      Plaintiff submitted a FOIA request on March 19, 2014, seeking records related to

the NIH Department of Spiritual Ministries.

5.      Defendant provided a preliminary response to Plaintiff's FOIA request on July 22,

2014, releasing 35 pages of records.  Defendant provided its "final response" on September 25,

2014, indicating that the Agency's "search produced approximately 649 pages of responsive

records."  However, the Agency redacted large sections from the documents produced to

Plaintiff.  The Agency asserted in its "final response" that it redacted "[p]re-decisional,

deliberative comments, attorney-client communications, the names of outside reviewers and

certain personal information such as email addresses and phone numbers."  Defendant cited

Exemptions 5 and 6 of FOIA (5 U.S.C. §§552(b)(5)-(6)) in support of its redactions.

6.      In a letter dated October 29, 2014, Plaintiff appealed Defendant's "final

response."  Specifically, Plaintiff appealed the Agency's use of redactions to withhold

information where Exemption 5 is not applicable.  In addition, Plaintiff raised concerns about

documents that appeared to be missing from the Agency's response.  As of the date this

Complaint is filed, the Agency has not responded to Plaintiff's FOIA appeal.

7.      Defendant's failure to respond to Plaintiff's appeal within the statutory time

period is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. This

conduct frustrates the public's right to know about governmental operations.

8.      Plaintiff exhausted his administrative remedies under 5 U.S.C. §552(a)(6)(C)(i),

and now seeks an order from this Court requiring Defendant to immediately produce the records

sought in the FOIA request, and other appropriate relief.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 5 U.S.C. §552(a)(4)(B). This

Court also has federal question jurisdiction over this action under 28 U.S.C. §1331.

10.      This Court has the authority to grant declaratory relief pursuant to the Declaratory

Judgment Act, 28 U.S.C. §2201, et seq.

11.      Venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B) (providing for

venue in the District of Columbia in FOIA cases).

12.      Pursuant to 5 U.S.C. §552(a)(4)(E), this Court has authority to award costs and

attorneys' fees in this FOIA action.

## PARTIES

13.      Plaintiff Henry Heffernan is a Catholic Priest, residing in the District of

Columbia.

14.      Defendant HHS is an agency of the United States as defined by 5 U.S.C.

§552(f)(1). Defendant is charged with the duty to provide public access to records in its

possession consistent with the requirements of FOIA.

15.     Here, Defendant is denying Plaintiff access to its records in contravention of

federal law.

**FACTS**

16.     Plaintiff's FOIA request, dated and submitted to Defendant on March 19, 2014,

seeks records related to the NIH Department of Spiritual Ministries.  Plaintiff's FOIA request

provides the Agency with a detailed breakdown of the requested information, specifying the

subject categories (and enumerated sub-categories) covered by the request.  The four subject

categories encompassed by Plaintiff's FOIA request are: (A) the operational review of the NIH

Department of Spiritual Ministries that occurred in or about July 2007; (B) the Clinical Research

advisory Board Meeting that occurred in or about September 2007; ( C ) the "Organization

Development Focus Group Study" of the Department of Spiritual Ministry/Department of

Spiritual Care, conducted by Diana Marit Kunkel in or about 2008-2009; and (D) policies

specific to the Department of Spiritual Ministry/Department of Spiritual Care.

17.     Father Heffernan plans to use the requested information to inform the public

regarding the operations of the NIH Department of Spiritual Ministries.

18.     Defendant initially responded to Father Heffernan's FOIA request on July 22,

2014, releasing 35 pages of records.  On September 25, 2014, Defendant provided its "final

response."  Defendant's "final response" indicates that the Agency's search "produced

approximately 649 pages of responsive records."  Defendant released to Father Heffernan a CD

containing 614 pages of responsive records.  (Adding these 614 pages to the 35 pages released

previously totals 649 pages.)  However, Defendant redacted significant portions of the released

documents.  Defendant's "final response" alleged that the redactions shield "[p]re-decisional,

deliberative comments, attorney-client communications, the names of outside reviewers and

certain personal information such as email addresses and phone numbers." Defendant cited

Exemptions 5 and 6 of FOIA (5 U.S.C. §§552(b)(5)-(6)) in support of its redactions.

19.     Father Heffernan filed a FOIA appeal with the Agency on October 29, 2014. In

the FOIA appeal, Father Heffernan took issue with Defendant's redactions. The unredacted

portions of several documents indicated clearly that they were directives for action to be taken by

chaplains, and therefore post-decisional instructions issued after executive deliberations. Father

Heffernan also raised a concern that responsive documents appeared to be missing.

20.     Defendant provided a standardized response acknowledging receipt of Father

Heffernan's FOIA appeal. However, Defendant has not provided a substantive response, as of

the date this Complaint is filed. Congress mandated that agencies respond to FOIA requests

within 20 working days. *See* 5 U.S.C. §552(a)(6)(A)(i). Over eleven months have passed since

Father Heffernan submitted his FOIA appeal to Defendant, with no response.

21.     Because administrative remedies under FOIA are deemed exhausted whenever an

agency fails to comply with the applicable time limits, 5 U.S.C. §552(a)(6)(C)(i), Plaintiff has

exhausted all administrative remedies. Plaintiff now turns to this Court to enforce FOIA and its

guarantee of public access to government records.

## CAUSES OF ACTION

### Violations of the Freedom of Information Act

22.     Plaintiff incorporates the allegations in the preceding paragraphs.

23.     Defendant's failure to respond to Plaintiff's FOIA appeal within the time frames

mandated by statute constitutes a denial and wrongful withholding of records in violation of

FOIA, 5 U.S.C. §552.

      24.      Defendant's redactions exceed the permissible scope FOIA's Exemption, 5 U.S.C.

§552(b)(5).

      25.      Upon information and belief, Defendant has failed to produce responsive

documents within Defendant's possession, custody, or control.

<b>Relief Requested</b>

WHEREFORE, Plaintiff respectfully requests that this Court:

      A.      Enter an order declaring that Defendant has wrongfully withheld the requested

agency records;

      B.      Issue a permanent injunction directing Defendant to disclose to Plaintiff all

wrongfully withheld records;

      C.      Maintain jurisdiction over this action until Defendant is in compliance with

FOIA, the Administrative Procedure Act, and every order of this Court;

      D.      Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. §552(a)(4)(E); and

      E.      Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_____//S//_____

Cathy A. Harris (D.C. Bar No. 467206)
Juliette Niehuss (D.C. Bar No. 977316)
KATOR, PARKS, WEISER & HARRIS, PLLC
1200 18th Street, N.W., Suite 1000
Washington, D.C.  20036
Telephone: (202) 898-4800
Facsimile: (202) 289-1389
charris@katorparks.com

Attorney for Plaintiff